FILED
OCT - 4 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael K. Ciacci, )
)
      Plaintiff, )
)
v. ) Civil Action No. **12 1652**
)
)
United States *et al.* )
)
      Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint upon a determination that it, among other grounds, fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff, a District of Columbia resident, sues the United States. His complaint arises out of the denial of his tort claim by the Torts Branch of the Department of Justice. Plaintiff seeks to "compel defendants [to] provide duty owed [him] by communicating explicitly the nature of the administrative denial letter of April 7, 2011 and explain the contradictions provided by the first four correspondence by Torts Branch paralegals, pursuant to 28 U.S.C. [§] 1361." Compl. at 1.

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. The plaintiff bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "It is well-settled that a writ of mandamus is not available to compel

discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). Plaintiff acknowledges that defendant responded to his claim by denying it. Since defendant has performed the only duty owed plaintiff under the Federal Tort Claims Act, *see* 28 U.S.C. § 2675 (exhaustion requirements), no basis exists for issuing a writ of mandamus. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) ("A court may properly issue a writ of mandamus only if the duty to be performed is ministerial and the obligation to act peremptory and clearly defined. The law must not only authorize the demanded action, but require it . . . .") (citations, internal quotation marks and footnote omitted). A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ Royce A. Lamberth
United States District Judge

Date: September 27, 2012